**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

DR. MICHAEL A. GRAY,

        Plaintiff,

v.

        CIVIL ACTION NO. 3:24-cv-104 (GROH)

MR. PETER CALLAHAN,

        Defendants.

## <u>REPORT AND RECOMMENDATION</u>

### I.  <u>INTRODUCTION</u>

Pending before the Court is *pro se* Plaintiff Dr. Michael A. Gray's Motion [ECF No. 2] for Leave to Proceed *In Forma Pauperis*.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's complaint [ECF No. 1] sets forth any viable claims. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed *In Forma Pauperis* be DENIED as moot.[2]

### II.  <u>THE COMPLAINT</u>

On August 14, 2024, *pro se* Plaintiff Dr. Gray filed a five-page hand-written

---

[1] This Motion was referred to the undersigned by order on October 7, 2024. ECF No. 4.

[2] There has been no summons issued for service of the complaint in this case. However, it appears that Plaintiff served the Defendant without a summons as there is an affidavit of service [ECF No. 5] and an Answer [ECF No. 6] filed with this Court.  Because the Plaintiff has asked to proceed without paying the fees, the Motion [ECF 2] *in forma pauperis* must be ruled upon and a screening of the complaint conducted before summons can be issued. Therefore, the undersigned did not consider the Answer [ECF No. 6] and relied solely on the complaint [ECF No. 1] in his recommendation to the District Judge.

complaint against Mr. Peter Callahan.[3] ECF No. 1.  There are no statutes cited or legal claims set forth on the face of the complaint. In trying to determine the nature of the suit and the cause of action, the Court first looks at the civil cover sheet filed by Plaintiff for some guidance. ECF No. 1-1.  For Basis of Jurisdiction, Plaintiff marks the box "U.S. Government Defendant" and fails to mark either the box for Federal Question or the box for Diversity as a basis of jurisdiction. Id.   The undersigned finds that the only named Defendant in the complaint is "Mr. Peter Callahan" and clearly not the U.S. Government.  For Citizenship of Principal Parties, Plaintiff marks that both Plaintiff and Defendant are citizens of this state. Therefore, the undersigned finds not only is the box for Diversity Jurisdiction not marked but there is no diversity as both the Plaintiff and Defendant reside in Martinsburg, West Virginia. For Nature of Suit, Plaintiff marks the following boxes:

> TORTS-360- Other Personal Injury, 380- Other Personal Damage;
> CIVIL RIGHTS-442- Employment;
> FEDERAL TAX SUITS- 870 Taxes (U.S. Plaintiff or Defendant),
> 871- IRS-Third Party 26 U.S.C. 7609;
> OTHER STATUTES- 470- Racketeer Influenced and Corrupt
> Organizations, 895-Freedom of Information Act, 899-
> Administrative Procedure Act/Review or Appeal of Agency
> Decision.

ECF No. 1-1.  These marked boxes give the undersigned little guidance on the nature of the suit or a legal basis for Plaintiff's complaint. Finally, in the Cause of Action section of the civil cover sheet, the Plaintiff asserts Theft of Federally Provided NPI (group) Designation. Id. Giving the *pro se* Plaintiff the benefit of a liberal construction, the undersigned will attempt to put some of the puzzle pieces together to address any

---

[3] The complaint is comprised of five handwritten pages as labeled by the Defendant and a cover page which is one page of a Northern District of West Virginia form complaint.

potential claims the Plaintiff may have asserted over which this Court has jurisdiction.

In the complaint itself, Plaintiff alleges that Plaintiff is a licensed Psychologist in West Virginia and on the National Provider Registry Identification for Medicare/Medicaid. Id. at 2. It is unclear from the complaint when Plaintiff worked for Defendant Callahan, but it appears his association ended with Defendant Callahan prior to the summer of 2019.[4] Id.  After Plaintiff's association had ended with Defendant Callahan, Plaintiff asserts that Defendant still received federal and West Virginia State medicare/medicaid funds and grants. Id. Plaintiff further alleges that Defendant Callahan kept Plaintiff's name associated with his organization after his employment ended in order to receive these funds.  Id. Plaintiff states that "…this is fraud theft of my professional, federally provided registration…."

As a separate issue, Plaintiff alleges that Judge Jackson complained to the WV Board of Examiners in Psychology about a "legal assessment" Plaintiff wrote, but asserts no claim with regard to this allegation.[5] Id. at 3. In the remainder of the complaint, Plaintiff alleges facts surrounding the damages for the destruction of Plaintiff's practice and his credit. He asserts a variety of damages that resulted from the alleged claims and seeks a judgment of "8 million Dollars." ECF 1 at 1, 4-6.[6]

---

[4] To the extent there is an Employment claim under the marked box of Civil Rights in the civil cover sheet, there seems to be no allegations of any wrongdoing while Defendant was employed by the Defendant. All the allegations appear to start after his employment ended. Therefore, this potential claim will not be addressed further.

[5] To the extent that Plaintiff may be trying to assert a §1983 action, Plaintiff has not listed Judge Jackson as a named Defendant in this case and Defendant Callahan is not a state actor.

[6] Defendant further provides that "Respectfully anticipate that all parties be injoined [Sic]." ECF No. 1 at 6. To the extent he is seeking injunctive relief, given the undersigned recommendation herein he is unlikely to prevail on the merits and therefore, no further consideration of this issue is warranted.

### III.   <u>LEGAL STANDARD</u>

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . .." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. <u>Id.</u> The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. <u>See</u> 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. <u>See</u> <u>Michau v. Charleston Cnty., S.C.</u>, 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." <u>Id.</u> at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); <u>see also</u> <u>Brickwood Contractors</u>, <u>Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of

4

subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court").

When reviewing *pro se* complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read *pro se* allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, 28 U.S.C. § 1915(e)(2)(B)(ii) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her

5

claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

## IV.    DISCUSSION

Only certain types of cases may be filed in federal district court. In order to properly rule on a lawsuit, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. A federal district court may exercise subject matter jurisdiction over cases that involve a "federal question" or those cases that involve (diversity jurisdiction) a controversy exceeding $75,000.00 between citizens from different states. See 28 U.S.C. §§ 1331 and 1332. Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### A.    Jurisdiction

In the present case, there is no dispute that both parties are residents of the state of West Virginia and therefore, complete diversity does not exist between Plaintiff and Defendant. As such, diversity jurisdiction does not exist, and the Court lacks subject matter jurisdiction under § 1332 as to any claims that do not involve federal question. See Cent. W. Va. Energy Co., 636 F.3d at 103.[7]

"Federal question" jurisdiction under 28 U.S.C. § 1331 exists when the civil case "arises under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule requires that the federal question appear on the face of a properly pleaded

---

[7] To the extent that Plaintiff marked boxes under Torts on his civil case sheet, the Court would lack subject matter for those claims because they would likely require diversity jurisdiction which does not exist.

complaint; otherwise, the court lacks federal question jurisdiction.[8] See Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001) (citing Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)). Federal question jurisdiction, however, "may not be premised on the mere citation of federal statutes." Weller v. Dep't of Soc. Servs. for City of Balt., 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff lists several types of federal civil cases but doesn't cite any particular statute in support of his claim. ECF No. 1-1. Below are the marked boxes on the civil cover sheet:

> TORTS-360- Other Personal Injury, 380- Other Personal Damage;
> CIVIL RIGHTS-442- Employment;
> FEDERAL TAX SUITS- 870 Taxes (U.S. Plaintiff or Defendant),
> 871- IRS-Third Party 26 U.S.C. 7609;
> OTHER STATUTES- 470- Racketeer Influenced and Corrupt
> Organizations, 895-Freedom of Information Act, 899-
> Administrative Procedure Act/Review or Appeal of Agency
> Decision.

ECF No. 1-1. The complaint itself cites no statutory or case law to support his allegations. ECF No. 1. The only allegation in the five-page handwritten complaint that this Court may have subject matter jurisdiction over is that Defendant used his "federally provided NPI (group) designation" without his consent. ECF No. 1-1.  The issue for the Court is what, if any, federal question claim does this cause of action allege. It certainly cannot be ascertained by the face of the complaint. Although the Court liberally construes the complaint of a *pro se* plaintiff, "[a] district judge is not required to piece together causes of action from fragmentary factual recitations." See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996). Nevertheless, the undersigned will endeavor to

---

[8] The undersigned finds that a federal question has not been properly plead in this case but to the extent that this is a *pro se* Plaintiff, the undersigned will attempt to address the issues the Plaintiff may be trying to assert.

address some of the potential federal question claims Plaintiff may have been seeking based on the marked boxes on his civil cover sheet and the contents of his five-page handwritten complaint.

It appears that the general cause of action in the complaint is identity theft and fraud. ECF No. 1-1, ECF No. 1 at 2-3. There are both state and federal identity theft and fraud statutes even though none of these were cited in the complaint. To the extent that Plaintiff may be alleging that Defendant is liable for violating any state or federal criminal statute, criminal statutes cannot be the basis of jurisdiction in a civil case. See Whittington v. U.S. Bank Nat. Ass'n, No. 4:12-CV-03167-MGL, 2013 WL 2285943, at *11 (D.S.C. May 23, 2013) (finding that a federal criminal statute did not give the court federal question jurisdiction over a civil case.). While federal district courts do have jurisdiction over criminal cases, a plaintiff filing a civil case cannot bring a criminal case against another person. See Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (stating that "[n]o citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the Court cannot exercise jurisdiction over any alleged violation of a state or federal criminal law asserted.

Additionally, the Defendant marked boxes under Federal Tax Suits. ECF No. 1-1. Likewise, to the extent that Plaintiff is asserting any federal tax claim, "Federal courts have consistently refused to imply a private cause of action under the tax laws." Seabury v. City of N.Y., 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006); see also Perlman v. Fidelity Brokerage Services, LLC, 932 F.Supp.2d 397, 413 (E.D.N.Y.2013) ("To the extent plaintiff attempts to bring a claim under the [Internal Revenue Code], that claim must fail, as plaintiff has no private right of action under the [Code]."). "Private citizens cannot

enforce the provisions of the Tax Code." Seabury, 2006 WL 1367396, at *5. Instead, "that is the duty of the Secretary of the Treasury and the Commissioner of the Internal Revenue Service, who are charged with the responsibility of administering and enforcing the Tax Code, including allegations of suspected fraud." Id. Accordingly, since there is no private cause of action, this Court lacks jurisdiction.

### B. Failure to State a Claim as to RICO, FOIA, and Appeal of Agency Decision

Plaintiff's complaint characteristically fails to include sufficient facts to state any plausible claim against the Defendant. The complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Twombly, 550 U.S. at 570. In order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass, 324 F.3d at 765 (citing Dickson, 309 F.3d at 213).

To the extent that Plaintiff asserts a RICO claim which may give rise to federal question jurisdiction, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, authorizes private civil actions in certain circumstances where an individual or entity engages in a pattern of specified criminal conduct. Bardes, 2011 WL 1790816, at *4. Specifically, the RICO Act allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter [to] sue . . . and . . . recover . . . damages." 18 U.S.C. § 1964(c).

"The civil RICO statutes set forth a sophisticated standard of liability which requires particular and detailed pleadings." Merritt v. Cochran-Youell, 2007 WL 9747309, at *14 (S.D.W. Va. Sept. 27, 2007). "To assert a civil RICO claim, a plaintiff must allege the existence of seven constituent elements: (1) that the defendant (2)

through the commission of two or more acts (3) constituting a pattern[9] (4) of

racketeering activity[10] (5) directly or indirectly invests in, or maintains an interest in, or

participates in (6) an enterprise[11] (7) the activities of which affect interstate or foreign

commerce." Woermer v. Hirsh, 2018 WL 7572237, at *5 (D. Conn. Dec. 11, 2018)

(internal citations omitted). "A plaintiff must also allege that he was injured in business

or property by reason of a violation of section 1962." Id. (internal citation omitted). "The

right to sue under the RICO treble damages provision requires a showing that the

defendant's violation was a 'proximate cause' of the Plaintiff's alleged injury." Merritt,

2007 WL 9747309, at *15 (S.D.W. Va. Sept. 27, 2007) (citing Holmes v. Securities

Investor Protection Corp., 503 U.S. 258, 268 (1992)). "Proximate cause requires a direct

relation between the conduct alleged and the injury asserted." Id.

However, in this case, it is unclear in the complaint what business or property

interest Plaintiff actually held with Defendant Callahan; when he began and ended his

employment there; and whether any payments or grants from the federal government

were given to the Defendant based on Plaintiff's licensure, while employed, or after his

employment ended. Plaintiff fails to allege facts that support the many requisite

elements of a civil RICO claim. For instance, Plaintiff's complaint does not identify the

---

[9] A "pattern of racketeering activity" requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5). "The predicate acts must be related and must amount to or pose a threat of continued criminal activity." Palmetto State Medical Center, Inc. v. Operation Lifeline, 117 F.3d 142, 148 (4th Cir. 1997).
[10] RICO defines "racketeering activity" as "any act 'indictable' under numerous specific federal criminal provisions" including: 18 U.S.C. § 1341 (relating to mail fraud), 18 U.S.C. § 1343 (relating to wire fraud), 18 U.S.C. § 1344 (relating to bank fraud), 18 U.S.C. § 1956 (relating to the laundering of monetary instruments, and 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity). 18 U.S.C. § 1961(1)(B).
[11] An enterprise is defined as "an ongoing organization, formal or informal, in which the various associates function as a continuing unit." Palmetto State Medical Center, Inc., 117 F.3d at 148.

racketeering activity[12] in which Defendant allegedly engaged other than to state that the federal government is paying Defendant money based on Defendant associating Plaintiff's name as a psychologist in the "National Provider Registry Identification" with Defendant's business.  Moreover, Plaintiff does not specifically identify what he considers to be the "pattern of racketeering activity" engaged in by defendant, as required. See Merritt, 2007 WL 9747309, at *16. Lastly, Defendant does not show that there is a direct relation between Defendant's violations that proximately caused Plaintiff's alleged injury. Accordingly, the undersigned recommends that Plaintiff's RICO claims be dismissed, without prejudice, against Defendant for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Likewise, the marked boxes on the civil cover sheet potentially alleging violations of the Freedom of Information Act and/or requesting a review of Administrative Procedure Act/Review of Appeal of Agency decision do not provide enough information for the undersigned to piece together a cause of action.  The handwritten complaint does assert that Defendant did not receive an order from Judge Jackson.[13]  ECF No. 1 at 3.  However, Judge Jackson is not a named party in this action.  Plaintiff also talks about making a complaint to the WV Public Utilities Commission due to Frontiers damage to his practice. Neither WV Public Utilities Commission nor Frontiers is a named Defendant in this action.

Although the Court liberally construes the complaint of a *pro se* plaintiff, "[a] district judge is not required to piece together causes of action from fragmentary factual

---

[12] Plaintiff does not cite any statutes which fall under the definition of "racketeering activity" as listed in footnote 10.

[13] The Order would allegedly require Plaintiff to perform a client evaluation which was the subject of Judge Jackson's complaint to the West Virginia Board of Examiners in Psychology. ECF No. 1 at 3-4.

recitations." See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996). In this case, it appears that many pieces of the puzzle were omitted from the complaint. Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a complaint if it fails to state a claim on which relief may be granted. As stated above, the complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555. Here, Plaintiff's Complaint makes it difficult to ascertain a claim. See Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir.1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). Here, Plaintiff's complaint fails to allege sufficient facts to support any cause of action which he identified on his civil cover sheet or he attempted to allege within the five handwritten pages of his complaint. Therefore, the undersigned respectfully recommends that Plaintiff's complaint be dismissed for failure to state a claim.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

DATED: 10-23-2024

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE